UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLEE J. WILSON,

                Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

              Defendant.

CASE NO. 14-cv-05689 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 20, 23, 24).

      After considering and reviewing the record, the Court concludes that the ALJ did

not err in evaluating the medical evidence, plaintiff's testimony, or the lay witness

testimony. Therefore, the ALJ did not err in assessing plaintiff's residual functional

capacity ("RFC") and finding plaintiff capable of past work. This matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, KIMBERLEE J. WILSON, was born in 1958 and was 48 years old on the alleged date of disability onset of November 17, 2006 (*see* AR. 97-104). Plaintiff graduated from high school (AR. 29). Plaintiff has work experience as a customer service agent in the insurance industry (AR. 678). When the company she worked for moved, plaintiff was unable to commute the longer distance because of her pain (AR. 30).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "left knee injury post arthroscopic repair, degenerative disc disease of the lumbar spine and obesity (20 CFR 404.1520(c))" (AR. 435).

At the time of the hearing, plaintiff was living with her husband in their home on acreage (AR. 462-64).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 47-49, 54-58). Plaintiff filed an appeal in this Court and the parties stipulated to remand (*see* AR. 515-38). Plaintiff's second hearing was held before Administrative Law Judge Paul G. Robeck ("the ALJ") on April 19, 2013 (*see* AR. 451-74). On May 24, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR.430-50). Plaintiff's

1   application for DIB benefits was again denied initially and following reconsideration (*see*

2   AR. 480-88, 54-58).

3       In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or

4   not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ

5   properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated

6   the lay evidence; (4) Whether or not the ALJ properly determined that plaintiff did not

7   equal Listing 1.02; (5) Whether or not the ALJ properly assessed plaintiff's RFC; and (6)

8   Whether or not the ALJ erred by basing his step four finding on a residual functional

9   capacity assessment that did not include all of plaintiff's limitations (*see* Opening Brief,

10  Dkt. 20, p. 2).

11

12                          STANDARD OF REVIEW

13      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

14  denial of social security benefits if the ALJ's findings are based on legal error or not

15  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

16  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

17  1999)).

18                              DISCUSSION

19  (1)     **Whether or not the ALJ properly evaluated the medical evidence.**

20      Plaintiff contends that the ALJ erred by failing to properly evaluate the medical

21  evidence in the record (*see* Opening Brief, Dkt. 20, pp. 3-10).

22      The ALJ is responsible for determining credibility and resolving ambiguities and

23  conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

24

(citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

It is not the job of the court to reweigh the evidence; if the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601). The reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). "Magic words" on the part of an ALJ are not required. *See id.* Similarly, the ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

1    (a) Dr. Alan P. Newman, M.D., Dr. John Luckwitz, M.D., and Mr. Michael
2        Pastick, PA-C

3    Regarding the opinions of Dr. Alan P. Newman, M.D., Dr. John Luckwitz, M.D.,

4    and Mr. Michael Pastick, PA-C, the ALJ stated:

5        I find Dr. Newman's, Dr. Luckwitz' and Mr. Pastick's statements of limited
         value in determination of the residual functional capacity. First, their
6        reports merely record the claimant's subjective complaints and are not
         supported by objective evidence. Second, as already discussed, her
7        subjective complaints are not consistent with her reported activities of daily
         living and her treatment providers did not address this discrepancy. Third,
8        they did not specifically assess the claimant's limitations and provide
         functional limitation recommendations. Moreover, specifically concerning
9        Mr. Pastick, although he may provide insight into the severity of the
         claimant's impairments and how they affect her ability to function, he is not
10       an acceptable medical source able to provide medical opinions in the
         record. See 20 CFR 404.1527(a)(2).
11
12   (AR. 441).

13       "A treating physician's medical opinion as to the nature and severity of an

14   individual's impairment must be given controlling weight if that opinion is well-

15   supported and not inconsistent with the other substantial evidence in the case record."

16   *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at

17   *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9);

18   *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is

19   unfavorable, it must "contain specific reasons for the weight given to the treating source's

20   medical opinion, supported by the evidence in the case record, and must be sufficiently

21   specific to make clear to any subsequent reviewers the weight the adjudicator gave to the

22   [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12.

23   However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that

24

opinion is contradicted.'" *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes, supra*, 881 F.2d at 751). In addition, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews, supra*, 53 F.3d at 1043; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes, supra*, 881 F.2d at 751). The ALJ may not reject a brief, conclusory opinion from a treating physician if the opinion is consistent with the

claimant's testimony and with the doctor's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

However, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Nevertheless, evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to an "other medical source" include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source present relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individual's impairments(s), and Any other factors that tend to support or refute the opinion.

2006 SSR LEXIS 5 at *11.

Here, the ALJ properly noted that the records from these three medical sources did not provide any recommendations on plaintiff's functional limitations. The claimant bears the burden of proving that she is disabled and must present detailed objective medical reports of her condition. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). Notations concerning a claimant's pain, without any documentation of resulting limitations, do not constitute specific findings that are useful in the disability determination. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).

Plaintiff does not identify in her briefing any functional limitations opined by these providers that would contradict the ALJ's RFC assessment (*see* Opening Brief, Dkt. 20, pp. 3-7).[1] Rather, plaintiff argues that the ALJ's reasoning is not legitimate because an ALJ is required to base her RFC assessment on all of the evidence of record, citing 20

---

[1] Plaintiff does note that Mr. Pastick opined that plaintiff was severely limited in her ability to walk (*see* Opening Brief, Dkt. 20, p. 5); however, this limitation was temporary and only expected to last six months (*see* AR. 417). Any impairment that does not last continuously for twelve months does not satisfy the requirements to be determined to be a severe impairment. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

C.F.R. § 404.1545 ("We will assess your residual functional capacity based on all of the relevant medical and other evidence.") (*see* Opening Brief, Dkt. 20, p. 6). However, in discrediting the medical opinions for lack of any noted limitations, the ALJ did not fail to base her RFC assessment on the medical evidence in question. Instead, she examined the medical evidence and found no evidence that would demand any additional limitations be included in plaintiff's RFC.

Also, plaintiff argues that the ALJ later conceded in his opinion that Mr. Pastick did in fact provide an opinion about plaintiff's limitations (*see* Opening Brief, Dkt. 20, p. 6). The ALJ did state that a different medical expert "disagreed with statements made in the treatment records concerning the claimant's impairments and her functional limitations by PA Pastick" (AR. 441). However, the ALJ does not go into any further detail about these limitations in this section of his opinion where he is evaluating a different medical expert's opinion. Whether the ALJ was in error in writing that Mr. Pastick had recorded any limitations or whether he was referring to the above-mentioned temporary walking limitations, plaintiff still fails to identify any functional limitations opined by Mr. Pastick that would affect the RFC assessment.

That the other reasons given by the ALJ for discrediting these medical opinions may have been in error does not affect the ultimate disability determination because the ALJ gave a specific and legitimate reason supported by substantial evidence. *See Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012) ("[W]e may not reverse an ALJ's decision on account of an error that is harmless."); *see also Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir.2008) ("[T]he relevant inquiry in this context is ...

1   whether the ALJ's decision remains legally valid, despite such error."); *Batson, supra,*

2   359 F.3d at 1197 (finding error to be harmless because it did not negate the validity of the

3   ALJ's ultimate conclusion, which was still supported by substantial evidence, and

4   because the ALJ provided other specific and legitimate reasons for discrediting

5   claimant's testimony). Furthermore, even if the medical opinions were taken as true,

6   plaintiff has failed to identify any additional limitations that would be required to be

7   added to the RFC. Therefore, the ALJ committed no harmful error in evaluating the

8   opinions of Dr. Newman, Dr. Luckwitz, and Mr. Pastick.

9         (b) Dr. Elaine Y. Tse, M.D., and Dr. Jennifer C. Gilbert, M.D.

10        Plaintiff argues that the ALJ erred by not mentioning the opinion of Dr. Jennifer

11  C. Gilbert, M.D.. Plaintiff asserts that Dr. Gilbert reported that plaintiff can only walk

12  half a block before things "lock up" and that she uses a cane, wheelchair, and walker as

13  needed (*see* Opening Brief, Dkt. 20, p. 8). However, this comment by Dr. Gilbert was

14  simply a restatement of plaintiff's subjective complaints, as indicated by the comment

15  being under the heading "S" for subjective on the report (*see* AR. 820). As the ALJ

16  considered plaintiff's subjective complaints and made a credibility assessment, Dr.

17  Gilbert's recording of plaintiff's complaints was not significant probative medical

18  evidence that needed to be separately discussed. *See Flores, supra*, 49 F.3d at 570-71.

19        Plaintiff also argues that the ALJ erred by failing to acknowledge that the

20  treatment notes from Dr. Elaine Y. Tse, M.D., and Dr. Gilbert are consistent with

21  plaintiff's testimony about her limitations. However, plaintiff cites no law requiring an

22  ALJ to articulate such a finding. In addition, the ALJ found that plaintiff was not entirely

credible, a finding that is supported by substantial evidence in the record as a whole, as discussed further below. Here, the ALJ dismissed Dr. Gilbert's notes for not being significant probative evidence and gave weight to Dr. Tse's opinion, incorporating it into his RFC assessment (*see* AR. 441), therefore complying with the required standards for evaluating medical evidence.

(c) Dr. Eric Schmitter

Plaintiff argues that the ALJ erred by giving significant weight to the testimony of Dr. Eric Schmitter because his testimony was based on a factually incorrect analysis of the evidence (*see* Opening Brief, Dkt. 20, pp. 8-9).

Dr. Schmitter opined that plaintiff had the functional ability to lift twenty pounds occasionally and ten pounds frequently, stand and walk six hours per day, and sit six hours per day, but that she would be limited in crawling, creeping, or bending, and should not be on scaffolds or climb ropes (*see* AR. 456-57). The ALJ gave Dr. Schmitter's opinion significant weight (*see* AR. 442) but assessed an RFC that was even more restrictive (*see* AR. 438).

When Dr. Schmitter was asked by the ALJ about Mr. Pastick's records, he mistakenly looked at the wrong part of the medical record before correcting himself and finding the correct records (*see* AR. 457-60). The ALJ mistakenly included Dr. Schmitter's testimony regarding the wrong portion of the record in his summary of Dr. Schmitter's opinion (*see* AR. 441).

However, Dr. Schmitter based his assessment of plaintiff's RFC on other medical evidence before the confusion over Mr. Pastick's records occurred at the hearing (*see*

AR. 456-57). The ALJ then asked Dr. Schmitter to assist in analyzing the records of Mr.

Pastick based on the instructions on the remand of this case (*see* AR. 457). After

examining the wrong records, Dr. Schmitter found Mr. Pastick's records and noted

modest evaluations of back problems and mild clinical findings (*see* AR. 458-60).

Ultimately, the ALJ did not rely on Dr. Schmitter's opinion in weighing Mr. Pastick's

opinion, instead properly discounting Mr. Pastick's opinion because it contained no

further functional limitations, as discussed above. There is no reason to believe Dr.

Schmitter's mistaken opinion regarding the findings of Mr. Pastick affected Dr.

Schmitter's ultimate RFC analysis, which was less restrictive than the ultimate RFC

assessed by the ALJ. Therefore, any error by the ALJ in recounting Dr. Schmitter's

testimony was harmless. *See Molina, supra*, 674 F.3d at 1115 (the Ninth Circuit has

"adhered to the general principle that an ALJ's error is harmless where it is

'inconsequential to the ultimate nondisability determination.'" (*quoting Carmickle,

supra*, 533 F.3d at 1162) (other citations omitted)).

(2)     **Whether or not the ALJ properly evaluated plaintiff's testimony.**

Plaintiff contends that the ALJ erred by failing to give legally sufficient reasons

for finding plaintiff not to be credible (*see* Opening Brief, Dkt. 20, pp. 10-16). The ALJ

found that plaintiff's statements concerning the intensity, persistence, and limiting effects

of her symptoms were not entirely credible for several reasons (*see* AR. 439-40). First,

the ALJ found that plaintiff's daily activities were not consistent with her claims of

disabling limitations (AR. 439). Also, the ALJ found that plaintiff's ability to vacation in

her motor home "tends to suggest that the alleged symptoms and limitations may have

been overstated" (AR. 440). Next, the ALJ found that plaintiff's claims of side effects from medication were inconsistent with the medical record (*id*.). The ALJ discounted plaintiff's credibility because she refused treatment (*id*.). The ALJ also found that plaintiff stopped working for reasons other than her allegedly disabling impairments (*id*.). Finally, the ALJ found that plaintiff's back impairment did not stop her from being able to work prior to the alleged onset date, despite being present at the same level of severity at that time (*id*.).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample, supra*, 694 F.2d at 642 (*citing Waters, supra*, 452 F.2d at 858 n.7; *Calhoun, supra*, 626 F.2d at 150). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair, supra*, 885 F.2d at 603 (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane, supra*, 457 F.2d at 758; *Wade, supra*, 509 F. Supp. at 20). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is

credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan, supra*, 169 F.3d at 599); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen, supra*, 80 F.3d at 1284 (citation omitted). According to the Ninth Circuit, "we may not take a general finding – an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors – and comb the administrative record to find specific conflicts." *Burrell, supra*, 775 F.3d at 1138.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. § 404.1529; *Smolen, supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 404.1529(b); *Smolen, supra*, 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen, supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell, supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide

specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell, supra*, 775 F.3d at 1137; *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected").

As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625,

639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

The Ninth Circuit specified "the two grounds for using daily activities to form the basis

of an adverse credibility determination: (1) whether or not they contradict the claimant's

other testimony and (2) whether or not the activities of daily living meet "the threshold

for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at

603).

Here, the ALJ noted that the daily activities plaintiff described were inconsistent

with her other complaints of disabling symptoms and limitations (*see* AR. 439). For

example, the ALJ noted plaintiff's ability to walk and stand for 14 hours at the county

fair, which is inconsistent with her opined limitations in walking and standing (*see id.*).

Plaintiff argues that she worked from her wheelchair (*see* Opening Brief, Dkt. 20, pp. 10-

11; *see also* AR. 92). However, the medical record shows that plaintiff reported the

opposite to Mr. Pastick, saying that she in fact had to walk and stand for 14 hours (*see*

AR. 241). The ALJ also noted that, even after her injury, plaintiff was able to bowl

without significant symptoms, which is inconsistent with her testimony that she could not

stand and frequently fell (*see* AR. 439). Plaintiff argues that she quit the league because

her back would not allow her to bowl more than one game (*see* Opening Brief, Dkt. 20, p.

11; *see also* AR. 92). However, plaintiff reported to Dr. Newman that despite some pain,

she could bowl "without significant symptoms" (*see* AR. 347). These inconsistencies in

testimony were a valid factor in the ALJ's credibility assessment. *See Smolen, supra*, 80

F.3d at 1284.

Also, as noted by the ALJ, plaintiff "stopped working for reasons not related to her allegedly disabling impairments" (AR. 440). Relying on a claimant's departure from work for reasons other than medical impairments can be a valid credibility factor, depending on the record as a whole, when in the presence of other valid, related credibility factors. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1284; *Fair, supra*, 885 F.2d at 603). Here, plaintiff stopped working because her office moved and she did not think she could manage the longer commute (*see* AR. 250). The ALJ acknowledged that plaintiff alleged that her impairment prevented her from commuting (*see* AR. 440), but there is no evidence that her impairment prevented her from performing the actual work or that she would have left her job at the time had the office not moved. Therefore, this was a valid factor in the ALJ's credibility decision.

Therefore, the ALJ cited specific, clear, and convincing reasons for discounting plaintiff's credibility. That other reasons for discounting plaintiff's credibility may have been improper does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record, as it is in this case. *Tonapetyan*, 242 F.3d at 1148; *see Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (while ALJ relied on improper reason for discounting claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record").

(3)     **Whether or not the ALJ properly evaluated the lay evidence.**

Plaintiff argues that the ALJ failed to evaluate properly the lay witness evidence of James H. Wilson, plaintiff's husband (*see* Opening Brief, Dkt. 20, pp. 16-17). Mr. Wilson completed a third-party function report on August 8, 2011, in which he opined that plaintiff had trouble standing for any length of time, sitting, sleeping, driving long distances, lifting more than ten pounds, climbing stairs, or going on long walks (*see* AR. 686-93). The ALJ gave limited weight to Mr. Wilson's opinion, stating that "there are several reasons to question the credibility of the claimant's allegations, and for the same reason his statements are questioned" (AR. 440).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis, supra*, 236 F.3d at 511); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout*

1   *v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006)

2   (*citing Dodrill, supra*, 12 F.3d at 919; 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4)

3   and (e)).

4          An ALJ may reject lay witness testimony for the same reasons she discounted a

5   claimant's credibility if the testimony is similar. *See Valentine v. Commissioner Social*

6   *Security Administration*, 574 F.3d 685, 694 (9th Cir. 2009). In *Valentine*, the Ninth

7   Circuit held as follows:

8          [The lay witness's] testimony of her husband's fatigue was similar to [the

9          claimant's] own subjective complaints. Unsurprisingly, the ALJ rejected
           this evidence based, at least in part, on 'the same reasons [she] discounted

10         [the claimant's] allegations.' In light of our conclusion that the ALJ
           provided clear and convincing reasons for rejecting [the claimant's] own

11         subjective complaints, and because [the lay witness's] testimony was
           similar to such complaints, it follows that the ALJ also gave germane

12         reasons for rejecting her testimony.

13  *Id*. at 694.

14         Here, like in *Valentine*, the ALJ has provided clear and convincing reasons for

15  discounting plaintiff's subjective complaints, as discussed above. Furthermore, each of

16  Mr. Wilson's opined limitations is also found in plaintiff's own function report (*see* AR.

17  694-703). Plaintiff argues that Mr. Wilson's observations are not identical to plaintiff's

18  description of her symptoms (*see* Reply Brief, Dkt. 24, p. 9), but plaintiff does not cite to

19  any differences, and this argument is not supported by the record. The limitations opined

20  by plaintiff and Mr. Wilson are substantially similar, so because the ALJ properly

21  discounted plaintiff's credibility, the ALJ had a germane reason to dismiss Mr. Wilson's

22  testimony as well.

ORDER ON PLAINTIFF'S COMPLAINT - 19

(4)   **Whether or not the ALJ properly determined that plaintiff did not equal Listing 1.02.**

Plaintiff argues that the ALJ erred by failing to find that plaintiff equaled Listing 1.02, which would demand an award of benefits (*see* Opening Brief, Dkt. 20, pp. 17-18). Plaintiff asserts that Mr. Pastick's opined limitations regarding plaintiff's ability to walk, along with plaintiff's testimony about her inability to walk without being in pain and falling down, equals the requirements for Listing 1.02, major dysfunction of a joint (*see id.*). The ALJ found that plaintiff did not meet or medically equal the requisite criteria for this Listing (*see* AR. 437).

At step three of the administrative process, if the administration finds that the claimant has an impairment that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment, the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d). The claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

A claimant must demonstrate that she medically equals each of the individual criteria for the particular Listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20

1   C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must

2   demonstrate that the impairment equals each criterion in the Listing. *Id.*

3         "An ALJ is not required to discuss the combined effects of a claimant's

4   impairments or compare them to any listing in an equivalency determination, unless the

5   claimant presents evidence in an effort to establish equivalence." *Id.* (*citing Lewis, supra*,

6   236 F.3d at 514; *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir. 1990)).

7         Here, plaintiff concedes that she does not meet the requirements for Listing 1.02,

8   but she argues that the findings of Mr. Pastick show that she is unable to ambulate

9   effectively, meaning that she medically equals Listing 1.02 (*see* Reply Brief, Dkt. 24, p.

10  10). However, plaintiff has not presented medical findings equal in severity to all of the

11  necessary criteria for that impairment. Plaintiff has failed to identify, and Dr. Pastick's

12  findings do not show, the required gross anatomical deformity or appropriate medically

13  acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the

14  affected joint. *See generally,* AR. 229-418; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1,

15  Listing 1.02. Therefore, the ALJ did not err in determining that plaintiff did not medically

16  equal the requisite criteria for Listing 1.02.

17

18

19       (5)    **Whether or not the ALJ properly assessed plaintiff's residual**

20                   **functional capacity.**

21        Plaintiff also argues that the ALJ erred in determining plaintiff's RFC because the

22  ALJ failed to properly evaluate the medical evidence, plaintiff's testimony, and the lay

23  witness testimony (*see* Opening Brief, Dkt. 20, p. 18). However, as discussed above, the

24

1 ALJ did not err in his evaluations of any of that testimony. *See supra*, sections 1, 2, 3.

2 Therefore, there is no reason to reverse this matter based on the ALJ's RFC.

3       (6)    **Whether or not the ALJ erred by basing his step four finding on a**
                **residual functional capacity assessment that did not include all of**
4                 **plaintiff's limitations.**

5       Plaintiff finally argues that the ALJ erred by basing his step four finding on a RFC

6 assessment that did not include all of plaintiff's limitations (*see* Opening Brief, Dkt. 20,

7 pp. 18-19). However, as discussed above, the ALJ did not err in his RFC assessment. *See*

8 *supra*, section 5. Therefore, there is no reason to reverse this matter based on the ALJ's

9 step four finding that plaintiff is capable of past work.

10

11                             CONCLUSION

12       Based on these reasons and the relevant record, the Court **ORDERS** that this

13 matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

14       **JUDGMENT** should be for **defendant** and the case should be closed.

15       Dated this 29th day of June, 2015.

16

17                               _____

18                               J. Richard Creatura
                              United States Magistrate Judge

19

20

21

22

23

24